IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ILORNA COSETTE BURTON,** | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. 3:13-CV-2326-M-BK |
| | § | |
| **PRIME HEALTHCARE MANAGEMENT** | § | |
| **INC.,** *et al.*, | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers Defendant Prime Healthcare Management Inc.'s *Motion to Dismiss for Failure to State a Claim, and in the Alternative, Motion for a More Definite Statement* (Doc. 16).[1] For the reasons that follow, it is recommended that the motion to dismiss be **GRANTED IN PART** and the motion for a more definite statement be **DENIED AS MOOT**.

### I. BACKGROUND[2]

On February 27, 2013, Plaintiff was terminated from her employment as an echocardiogram technician at Dallas Medical Center ("DMC"). (Doc. 10 at 7). Plaintiff avers she was discriminated against because of her race, color, sex, disability, and age as a fifty-year-old black female. *Id*. at 12, 16. She further alleges she was retaliated against, sexually harassed, and physically abused by male employees. *Id*. at 12, 16, 18. More specifically, Plaintiff avers that her position at DMC was changed, she was denied a raise, she was unable to transfer to a

---

[2] For the purposes of the motion to dismiss, the Court takes all allegations pled in Plaintiff's Complaint (Doc. 3) and Answers to Magistrate Judge's Questionnaire (Doc. 10) as true and correct. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (holding plaintiff amended his complaint by his response to the magistrate judge's questionnaire).

1

desirable position in her career field, she was demoted, her hours were changed, and she received an undeserved written warning. *Id*. at 8. Plaintiff states that a white female echocardiogram technician was coached toward good performance while Plaintiff received less feedback. *Id*. Plaintiff also alleges that she discovered pictures on her locker that she found offensive and, upon expressing concern to her director, she was met with negative attitudes and later a written warning. *Id*. Furthermore, Plaintiff charges that a co-worker hit her left arm in June 2009. *Id*. at 19. Plaintiff filed a discrimination complaint with the Texas Workforce Commission Civil Rights Division, which was transferred to the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 12–13. EEOC was unable to determine whether any statutes were violated and informed Plaintiff of her right to sue. *Id*. at 11.

On June 19, 2013, proceeding without the assistance of counsel, Plaintiff filed this lawsuit against Defendants DMC and Prime Healthcare Management Inc. ("Prime"), alleging claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. (Doc. 3; Doc. 10 at 8, 12).

## II. APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995)

(quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555.

### III. DISCUSSION

Prime argues it is not subject to Plaintiff's discrimination claims because it was not her employer within the meaning of Title VII. (Doc. 16 at 3). Plaintiff admits she was employed by DMC, not Prime, and while she discusses at length the factual basis for her discrimination claims against DMC, she fails to address the Prime's connection to the alleged discriminatory behavior. (Doc. 10, *passim*). Indeed, she refers to Prime only in her identification of parties, averring that Prime was the management company or owner beginning in February 2013, and stating that there were several management companies during her employment with DMC. *Id*. at 7.

Under certain circumstances an entity that is not nominally a plaintiff's employer can be considered her employer for Title VII purposes.[3] Here, however, Plaintiff does not allege sufficient facts to establish that such circumstances exist as to Prime. Instead, all of Plaintiff's allegations are directed at DMC. Thus, her complaint, as amended by her questionnaire answers, lacks direct allegations on any material point necessary to obtain recovery against Prime.

---

[3] Determining whether a defendant is an "employer" under Title VII is a two-part process: (1) the defendant must fall within the statutory definition of employer; and (2) an employment relationship must exist between the parties. *Deal v. State Farm County Mutual Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir. 1993); *see Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990).

*Campbell*, 43 F.3d. at 975.  Because Plaintiff has failed to state a claim against Prime, her complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IV.  LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Brown v. Texas A&M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so.").  Although Plaintiff failed to respond to Prime's motion to dismiss, she is proceeding without the assistance of counsel and has not previously been granted leave to attempt to plead her claim against Prime with particularity.  Thus, before dismissing her claims, Plaintiff should be given the opportunity to amend her complaint to allege specific facts or occurrences that specifically implicate Prime.  S*ee  Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

### V.  CONCLUSION

Accordingly, Plaintiff is granted until **December 10, 2013**, to amend her complaint to allege a viable claim, if any, against Prime Healthcare Management, Inc.[4]  If Plaintiff fails to do

---

[4]  Plaintiff is advised that an amended complaint will take the place of the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (*per curiam*) ("An amended complaint supersedes the original complaint and renders it of no legal effect").  Thus, Plaintiff's amended complaint, if any, must state all of her claims against all defendants she is seeking to sue.

4

so, Prime Healthcare Management, Inc.'s motion to dismiss should be granted, and all claims against it should be dismissed with prejudice.  Because Plaintiff is granted leave to amend her complaint, Prime's alternate request for a more definite statement is denied as moot.

**SO RECOMMENDED** on November 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL OR OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5