IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILORNA COSETTE BURTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2326-M-BK |
| | § | |
| DALLAS MEDICAL CENTER, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Plaintiff filed this action on June 19, 2013. [Doc. 3]. Defendant Dallas Medical Center ("DMC") filed its *Motion to Dismiss for Failure to State a Claim* on December 23, 2013. [Doc. 26]. When Plaintiff failed to respond within the time alloted (s*ee* N. D. TEX. LOCAL RULE 7.1(e), establishing 21-day deadline for filing responses to motions), the Court ordered her to respond to the motion no later than March 5, 2014, if she was opposed to the dismissal of her case. [Doc. 27]. The March 5 deadline has now passed, and Plaintiff has not responded.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v.*

1

*Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations on Plaintiff's claims of discrimination and harassment in violation of Title VII, 42 U.S.C. § 2000e-5, expired on June 20, 2013, the after day she filed suit, which was 90 days after she received her right to sue letter from the Equal Employment Opportunity Commission.  [Doc. 10 at 11]; 42 U.S.C. § 2000e-5(f)(1).  Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice.  Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure.  A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, the court must find one or more of the following aggravating factors:  (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.  *Id.*

     In this case, Plaintiff ignored DMC's dismissal motion and the Court's subsequent order to respond to the motion.  Since Plaintiff is proceeding *pro se*, the delay caused by her failure to litigate her case is attributable to her alone.  *Id.*  Moreover, given the length of time this case has been pending (262 days), the undersigned finds that any further delay in resolving it will result in actual prejudice to DMC.  *Id.*  In light of Plaintiff's intentional failure to respond to both motions and the Court's order; the age of the case, and the prejudice to Defendant, no lesser sanction will prompt diligent prosecution of this case.  Accordingly, the district court should exercise its discretion to dismiss Plaintiff's Title VII claim under Rule 41(b) even if limitations may prevent further litigation of that claim.

Thus, it is recommended that this case be dismissed without prejudice for want of prosecution.

**SO RECOMMENDED** on March 7, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL OR OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE